IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK CARROLL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-3468-X-BW |
| | § | |
| COMMUNITY WASTE | § | |
| DISPOSAL, INC., et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The undersigned recommends that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve the defendants.

### I.  BACKGROUND

Plaintiff Mark Carroll, proceeding pro se, filed this action on December 18, 2025, naming as defendants Community Waste Disposal, Inc., Greg A. Roemer, and Jason A. Roemer.  (*See* Dkt. No. 3 ("Compl.").)  He alleges that he was employed as a Residential Driver for three days, from July 24 to July 27, 2023.  (Compl. ¶ 11.)  On July 27, he filed a formal complaint for racial discrimination at the company's human resources department and the Texas Workforce Commission related to a white employee's selection for a position over him.  (*See id.* ¶¶ 12-14.)  After making the complaint, he was removed from the work schedule and was terminated.  (*Id.*

---

[1] This pro se case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251.  (*See* Dkt. No. 1.)

¶¶ 17-18.)  Carroll asserts claims for race discrimination and retaliation under 42 U.S.C. § 1981.  (*Id.* ¶¶ 28-42.)

On December 18, 2025, the undersigned entered an order advising Carroll of his responsibility to serve each of the defendants with a summons and a copy of the complaint.  (Dkt. No. 5.)  The order pointed Carroll to Fed. R. Civ. P. 4 as the applicable rule, advised him that he could not be the person to serve Defendants per Rule 4(c)(1), and also explained that Carroll had to file proof of service under Rule 4(*l*).  (*Id.* at 1.)  Importantly, the order warned Carroll that his lawsuit would be subject to dismissal against any defendant that he had not served by March 18, 2026.  (*Id.* at 2.)  The December 18 order also required Carroll to register as an Electronic Case Filing ("ECF") system user within 14 days.  (*Id.*)

Carroll's deadline to register as an ECF system user has passed, and he has not registered.  Additionally, Carroll has not shown that any Defendant has been served or that he has made any effort to serve Defendants.

## II.  LEGAL STANDARDS AND ANALYSIS

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  After effecting service, the plaintiff must file proof of service with the court.  Fed. R. Civ. P. 4(*l*)(1).  If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A.H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).

This action should be dismissed pursuant to Rule 4(m). The record does not reflect that Carroll has served any defendant in this action. The undersigned has explained the consequences of failing to timely file proof of service. (*See* Dkt. No. 5 at 2.) Because Carroll has not demonstrated reasonable diligence in attempting to serve any Defendant and has not shown good cause for an extension, this case should be dismissed pursuant to Rule 4(m).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be

**DISMISSED** without prejudice for failure to timely serve any defendant with

summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m).

**SO RECOMMENDED** on March 23, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).