IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK CARROLL,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-3468-X-BW |
| COMMUNITY WASTE<br>DISPOSAL, INC., et al.,<br>　　　Defendants. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On April 30, 2026, Plaintiff Mark Carroll, appearing pro se in this action, filed a Motion for Reinstement, Proof of Service (and, if Necessary, Leave to Cure), and Entry of Default (and, if Appropriate Thereafter, Default Judgment).  (Dkt. No. 11.) Then, on May 3, 2026, Carroll filed a Supplement to the motion.  (Dkt. No. 12.)  No opposing party has appeared in this action to file a response.  Construing the motion as a motion to set aside the judgment under Fed. R. Civ. P. 59(e), the undersigned recommends that the motion be granted in paret, the judgment be set aside, and Carroll be allowed 60 days from the District Judge's adoption of these findings, conclusions, and recommendation to effect service.

---

[1] This pro se case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251.  (*See* Dkt. No. 1.)

## I. BACKGROUND

Carroll filed this employment discrimination lawsuit on December 18, 2025, naming as defendants Community Waste Disposal, Inc., Greg A. Roemer, and Jason A. Roemer.  (*See* Dkt. No. 3 ("Compl.").)  That same day, the undersigned informed Carroll of his responsibility to serve each of the defendants with a summons and a copy of the complaint.  (Dkt. No. 5.)  The order pointed Carroll to Fed. R. Civ. P. 4, advised him that he could not be the person to serve Defendants per Rule 4(c)(1), and also explained that Carroll had to file proof of service under Rule 4(*l*).  (*Id.* at 1.)  The order warned Carroll that his lawsuit would be subject to dismissal against any defendant for whom he had not shown proof of service by March 18, 2026.  (*Id.* at 2.)

Three months passed with no activity in the case.  Because Carroll had not filed proof of service as to any defendant, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") on March 23, 2026, recommending that the case be dismissed without prejudice as to all three defendants because Carroll had neither shown proof of service nor shown good cause for an extension.  (Dkt. No. 6.)  On April 25, Carroll filed objections to the FCR asserting that he had been diligently pursuing service and, by that time, had accomplished service.  (Dkt. No. 7.)  And he attached proofs of service signed by Charlotte Carroll and dated March 24, 2026, the day *after* the FCR was signed and, thus, after the 90-day period prescribed by Rule 4(m).  (*See* Dkt. Nos. 7-1, 7-2, 7-3.)

U.S. District Judge Brantley Starr accepted the FCR on April 24 and entered judgment dismissing the action without prejudice.  (*See* Dkt. Nos. 9, 10.)

Carroll filed the instant motion less than a week later and then filed a supplement a few days after that.  (*See* Dkt. Nos. 11, 12.)  Carroll attaches to his motion emails in December 2025 between him and counsel who apparently represent Community Waste Disposal.  The emails reflect document production, apparently in a different lawsuit and note a request for waiver of service of the "federal complaint." (*See* Dkt. No. 11-1, 11-2.)[2]  Carroll also points to U.S. Postal Service return receipts showing that the three summonses and complaints were delivered on February 17, 2026.  (*See* Dkt. Nos. 7-1 at 2, 7-2 at 2, 7-3 at 2.)  Carroll later filed a supplement stating that his motion for reinstatement is grounded in Rules 4 and 59(e).  (Dkt. No. 12.)

## II.  LEGAL STANDARDS AND ANALYSIS

To prevail on a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Although court have "considerable discretion" to grant or to deny a Rule 59(e)

---

[2] The undersigned points Carroll to N.D. Tex. L. Civ. R. 7.1(i), which requires that supporting documents be presented in a stand-alone appendix.  He has not complied with the rule in this instance, and future failure to comply with the rule may result in the denial of motions or unfiling of documents.

motion, they use the "extraordinary remedy" of Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

By Rule 4, individuals and corporations may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1)(A).  And, under Texas Rule of Civil Procedure 106(a)(2), service may be accomplished by mailing the summons and complaint "to the defendant by registered or certified mail, return receipt requested[.]"  When service is made in this way, the return of service "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).  "If the return receipt is not signed by the addressee, the service of process is defective." *Labrew v. A&K Truckline, Inc.*, No. 2:23-CV-079-BR, 2024 WL 102929, at *2 (N.D. Tex. Jan. 9, 2024) (quoting *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet denied)).

Carroll has shown that efforts were made to serve Defendants prior to the expiration of the 90-day period prescribed by Rule 4(m).  Although Carroll's proofs of service were not completed and filed until after expiration of the 90-day period and entry of the FCR, the return receipts show that each one was sent to Community Waste Disposal's address at 2010 California Crossing Road, Dallas, Texas, and that

-4-

someone signed them on February 17, 2026, (*See* Dkt. Nos. 7-1 at 2, 7-2 at 2, 7-3 at 2.)  That occurred prior to expiration of the 90-day service period.

It does not follow, though, that the Defendants have been served, as Carroll contends.  As to the two individual Defendants, Greg Roemer and Jason Roemer, they did not sign the return receipt.  Rather, the receipts were signed by Ralph Hernandez.  (*See* Dkt. Nos. 7-2 at 2, 7-3 at 2.)  As noted above, Tex. R. Civ. P. 107(c) requires that the return receipt bear the "addressee's signature."  Because Greg Roemer's and Jason Roemer's signatures are not on the return receipt addressed to them respectively, they have been validly served.  *See Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010).

Nor does it appear that the corporate defendant has been served.  Texas law authorizes a corporation to be served through its president, vice-president, or registered agent.  Tex. Bus. Orgs. Code § 5.201(a)(1), 5.255(1).  Ralph Hernandez's signature is also on the return receipt sent to Community Waste Disposal.  (*See* Dkt. No. 7-1 at 2.)  Carroll has not shown that Hernandez is the company's president, vice-president, or registered agent.  The record does not reflect, therefore, that Community Waste Disposal has been served.[3]

Although Carroll did not seek an extension of the deadline in Rule 4(m), file a proof of service, or otherwise show the Court that he was making efforts to serve

---

[3] Because Carroll has not served the defendants, his motion should be denied to the extent he seeks default judgment.  *See Labrew*, 2024 WL 102929, at *3.

Defendants until after the deadline passed and the undersigned entered the FCR, the undersigned finds that Carroll's evidence establishes that he made efforts to serve Defendants before the deadline lapsed. In view of this, the undersigned concludes that the FCR's finding that Carroll had not shown good cause for an extension of the deadline constitutes is an error of fact. *Cf. Magee v. Amazon Corp., LLC*, No. CV 25-1241, 2026 WL 776169, at *6 (E.D. La. Mar. 3, 2026), *adopted*, 2026 WL 769436 (E.D. La. Mar. 18, 2026). Setting aside the judgment and giving Carroll a limited opportunity to serve Defendants would remedy this error.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for reinstatement (Dkt. No. 12) be **GRANTED** in part, that the judgment (Dkt. No. 10) be set aside, and that Plaintiff's deadline to serve Defendants be extended until 60 days after the District Judge adopts this recommendation.

**SO RECOMMENDED** on May 18, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).